# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP H. MARCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-168 CAS |
| | ) | |
| MIDWEST ST. LOUIS, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action against the owners of a gas station where he was assaulted and severely injured in April 2007. Plaintiff asserts that diversity jurisdiction exists. However, the parties are not completely diverse. As a result, the Court will order plaintiff to show cause why this action should not be summarily dismissed for lack of jurisdiction.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to dismiss a case if it determines that subject matter jurisdiction is lacking.

Plaintiff is a Missouri resident. Defendants Midwest St. Louis, LLC ("Midwest"), Adam Abdeljabber, and Mamoun Abdeljabber are also residents of Missouri. Plaintiff alleges that defendant Louis Akin resides in Texas. Plaintiff claims that defendants Midwest, Adam Abdeljabber, and Mamoun Abdeljabber own the gas station where he was stabbed in April 2007.

Plaintiff sued defendants in state court, alleging that they were liable for his safety while he was on their premises. Defendants hired Louis Akin to conduct an investigation into whether plaintiff was stabbed on their property. Akin testified that the only blood evidence was in the alley behind the gas station, which was not part of defendants' property.

Plaintiff alleges that Akin committed perjury during his testimony about his work experience and qualifications as an expert. He filed a motion for a new trial with the trial court, and the court granted the motion based on its finding that Akin's testimony was perjured.

The Missouri Court of Appeals for the Eastern District reversed, finding that Akin's testimony was not demonstrated to be false. March v. Midwest, No. ED96722 (Mo. Ct. App.). The court further found that Akin's testimony about his work experience was supported by the record. Id.

In this action, plaintiff sues defendants on the basis that Akin's conduct at trial was malicious and that the other defendants conspired to introduce his false testimony.

To bring a state law case in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332. For diversity jurisdiction to exist, a plaintiff and the defendants must be "citizens of different States." 28 U.S.C. § 1332(a)(1). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." Walker v. Norwest Corp., 108 F.3d 158, 162 (8th Cir.1997).

In this case, complete diversity does not exist because plaintiff and defendants Midwest, Mamoun Abdeljabber, and Adam Abdeljabber reside in Missouri. Therefore, it appears that jurisdiction is lacking, and the Court will order plaintiff to show cause why this action should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must show cause, no later than fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of February, 2016.