UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PHILLIP H. MARCH,          )
                           )
    Plaintiff,             )
                           )
    v.                     )     No. 4:16-CV-168 CAS
                           )
MIDWEST ST. LOUIS, LLC, et al., )
                           )
    Defendants,            )

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's second amended complaint under 28 U.S.C. § 1915(e). The complaint is legally frivolous, and it is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 679.

## Discussion

Plaintiff brings this action against Midwest St. Louis, LLC ("Midwest"), Adam Abdeljabber ("Adam"), Mamoun Abdeljabber ("Mamoun"), and Louis Akin. In 2007, plaintiff was stabbed several times near a gas station owned by Midwest, Adam, and Mamoun. Plaintiff believes he was stabbed on defendants' property. Plaintiff sued defendants in state court, alleging that they were liable for his safety while he was on their premises. Defendants hired Louis Akin to conduct an investigation into whether plaintiff was stabbed on their property. Akin testified that the only blood evidence was in the alley behind the gas station, which was not part of defendants property. Judgment was entered in favor of defendants.

Plaintiff claimed that Akin committed perjury during his testimony about his work experience and qualifications as an expert. He filed a motion for a new trial with the trial court, and the court granted the motion based on its finding that Akin's testimony was perjury.

The Missouri Court of Appeals for the Eastern District reversed, finding that Akin's testimony was not demonstrated to be false. March v. Midwest, No. ED96722 (Mo. Ct. App.). The court further found that Akin's testimony about his work experience was supported by the record. Id.

When plaintiff initially brought this action, he brought only state law causes of action, and he invoked diversity jurisdiction. The Court found that diversity jurisdiction does not exist because the parties are not completely diverse. Accordingly, the Court ordered plaintiff to show cause why the action should not be dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure. See Doc. 5.

In response, plaintiff filed a motion for leave to file his second amended complaint, which the Court granted. In his second amended complaint, plaintiff attempts to invoke federal

question jurisdiction by bringing counts under federal criminal law. Specifically, he claims that defendants committed mail fraud and wire fraud, punishable under 18 U.S.C. §§ 1341 & 1343. He also brings counts for malicious conduct and conspiracy under state law. He brings the same claims that he did in state court, arguing that Akin committed perjury about his work experience.

The complaint is legally frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1). That is, plaintiff cannot sue defendants for mail or wire fraud. Therefore, his federal claims fail, and this action must be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of March, 2016.